**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabah Albanaa, | No. CV-18-02732-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Sabah Albanaa's Application for Supplemental Security Income Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant Social Security Administration Commissioner's Response Brief (Doc. 15, "Def. Br."), and Plaintiff's Reply Brief (Doc. 16, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, "R.") and now affirms the Administrative Law Judge's decision (R. at 14–34) as upheld by the Appeals Council (R. at 1–8).[1]

---

[1] Although Defendant moved for summary judgment, the appropriate standard of review here is the standard for administrative review. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). This Court has the authority to enter a judgment on the pleadings and transcript of the record. 42 U.S.C. § 405(g). Consequently, Defendant's motion for summary judgment is denied.

## I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income Benefits on March 24, 2014 for a period of disability beginning on January 24, 2014. (R. at 17.) Plaintiff's claim was initially denied on May 23, 2014 and was denied again upon reconsideration on November 13, 2014. (R. at 17.) On August 9, 2016, Plaintiff appeared and testified before an Administrative Law Judge ("ALJ") for a hearing on his claim. (R. at 17.) Following the hearing, the ALJ held the record open and requested that Plaintiff attend a psychological consultative examination. (R. at 17.) This examination took place on November 2, 2016, and was administered by Dr. Michael Rabara. (R. at 17.) After considering Dr. Rabara's report, the ALJ denied Plaintiff's claim on July 17, 2017. (R. at 14–34.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. at 1–8.) On August 29, 2018, Plaintiff filed this action seeking judicial review of the denial. (Doc. 1.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: posttraumatic stress disorder; adjustment disorder with mixed anxiety and depression; major depression disorder; and unspecified trauma and stressor-related disorder. (R. at 19.)[2]

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 29.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following non-exertional limitations: he is able to perform simple, routine tasks in an environment with few changes and free from fast-paced production requirements, like those found in assembly line work." (R. at 22.) The ALJ also found that Plaintiff "requires redirection at the start of each shift and after the lunch break" and that he "can have

---

[2] Plaintiff also alleged he was disabled due to cervical and lumbar spine osteopenia and cervical spine osteoarthritis, but the ALJ rejected those contentions (R. at 19-20) and Plaintiff doesn't challenge that portion of the ALJ's decision in this proceeding.

occasional and superficial interaction with supervisors, coworkers and the public, such that he can work in proximity to, but not in tandem with, others." (R. at 22.) Finally, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (R. at 27.)

## II.  LEGAL STANDARD

The Court addresses only the issues raised by the claimant in the appeal from the ALJ's decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). The Court should uphold the ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* Put another way, "[i]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court should uphold the ALJ's decision "[w]here evidence is susceptible to more than one rational interpretation," but the Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (citations and internal quotation marks omitted).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Id.* (citations and internal quotation marks omitted). The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* Importantly, however, the Court may not uphold an ALJ's decision on a ground not actually relied on by the ALJ. *Id.* at 1121.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ

determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. pt. 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, which addresses whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled.

## III. ANALYSIS

Plaintiff raises a single argument for the Court's consideration: the ALJ erred by assigning little weight to the opinion of Dr. Rabara, Plaintiff's examining psychologist. (Pl. Br. at 8–9.) The ALJ chose to give little weight to Dr. Rabara's opinion because she concluded that (1) it was "not consistent with the entirety of the record" and (2) it was "internally inconsistent." (R. at 25.) As explained below, the Court disagrees with Plaintiff—the ALJ provided specific, legitimate reasons for reaching these conclusions. Thus, the ALJ did not commit reversible error by assigning little weight to Dr. Rabara's opinion.

Although "[t]he ALJ must consider all medical opinion evidence," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), there is a hierarchy among the sources of medical opinions. Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither

examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Given this hierarchy, an ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In contrast, in an examining physician's opinion is contradicted by the opinions of other doctors (even non-examining doctors), a lesser standard applies—an ALJ may reject such an opinion by supplying "specific, legitimate reasons based on substantial evidence." *Id.* at 1043.

### A. The ALJ did not err by rejecting Dr. Rabara's opinion due to its internal inconsistency

On November 2, 2016, Dr. Rabara performed a psychological assessment of Plaintiff, at the ALJ's request, to evaluate Plaintiff's memory problems. (R. at 17, 62, 436-40.) Dr. Rabara diagnosed Plaintiff with major depressive disorder and an unspecified trauma and stressor-related disorder. (R. at 439.) He found that Plaintiff's impairments affected his ability to perform work-related activities. Dr. Rabara reported Plaintiff had marked difficulty in (1) understanding simple instructions, (2) carrying out simple instructions, (3) making judgments on simple work-related decisions, (4) understanding and remembering complex instructions, (5) carrying out complex instructions, (6) making judgments on complex work-related decisions, and (7) responding appropriately to usual work situations and to changes in routine work settings. (R. at 440.) He also found that Plaintiff had moderate difficulty in (1) interacting appropriately with the public, (2) interacting appropriately with supervisors, and (3) interacting appropriately with coworkers. (R. at 440.) Plaintiff also scored in the first percentile or lower in all measures on the Comprehensive Test of Nonverbal Intelligence-2. (R. at 439.) Dr. Rabara also noted that Plaintiff had long-standing issues with depression that have not responded to treatment, although full posttraumatic stress disorder criteria were not established. (R. at 439.)

Dr. Rabara also reported behaviors and findings that undermine his opinion. He noted that Plaintiff "generally seemed quick to claim ignorance" when asked background

questions. (R. at 438.) He reported that Plaintiff's intelligence scores seemed "implausibly low and [were] considered invalid" in light of on Plaintiff's work history and bachelor's degree. (R. at 439.) Importantly, he noted that Plaintiff's limitations "seem exaggerated" and that "by acting confused and helpless, [Plaintiff] received secondary gain of attention and nurturance." (R. at 439.) Dr. Rabara wrote that Plaintiff's "memory and thinking skills are believed to be better than [Plaintiff] claims and presents." (R. at 440.) Nevertheless, Dr. Rabara found that Plaintiff's emotional distress was genuine and that he was struggling with confusion and memory gaps related to his depression. (R. 439–440.)

Dr. Rabara's opinion was contradicted by other doctors' opinions. For example, Dr. Mary Downs, a nonexamining physician, concluded in May 2014 that Plaintiff's mental impairments do not significantly limit his abilities to perform work activities. (R. at 68–70.) Dr. Winston Brown, another nonexamining physician, similarly concluded in September 2014 that Plaintiff's alleged inability to work due to his impairments was not supported by the evidence. (R. at 80–82.) Because Dr. Rabara's opinion was contradicted by the opinions of other physicians, the ALJ could reject his opinion by supplying specific and legitimate reasons supported by substantial evidence. *Andrews*, 53 F.3d at 1043.

Internal inconsistency is a specific and legitimate reason to discount an examining physician's opinion. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). Here, the ALJ's finding of internal inconsistency was supported by substantial evidence. Dr. Rabara's opinion regarding Plaintiff's marked limitations was inconsistent with his other observations and findings during his examination of Plaintiff. For example, Dr. Rabara opined that Plaintiff had confusion and memory gaps but went on to say that Plaintiff's memory was better than Plaintiff claimed. (R. at 440.) Moreover, Dr. Rabara specifically found that Plaintiff acted confused in order to receive attention. (R. at 438–439.) And Dr. Rabara acknowledged that Plaintiff's intelligence test scores were irreconcilable with his career and educational background, stating that the "scores seem implausibly low and are considered invalid." (R. at 439.)

In sum, Dr. Rabara opined both that Plaintiff had marked limitations and was

exaggerating, and it was the ALJ's duty to resolve conflicts in the evidence. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Substantial evidence supports the ALJ's conclusion that there was internal inconsistency in Dr. Rabara's opinion, and the Court must defer to the ALJ's rational interpretation of the evidence. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Thus, the ALJ did not err in assigning little weight to Dr. Rabara's opinion due to its internal inconsistency.

### B. The ALJ did not err by rejecting Dr. Rabara's opinion due to its inconsistency with the entirety of the record

The second reason the ALJ gave little weight to Dr. Rabara's opinion was because it was "inconsistent with the entirety of the record." (R. at 25.) Plaintiff claims this was error because the ALJ did not "clarify the inconsistencies she found between Dr. Rabara's report and the rest of the record." (Pl. Br. at 9.)

This argument is unavailing. As an initial matter, the ALJ was not required to specify the inconsistencies between Dr. Rabara's opinion and the rest of the record in the same section of her opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). She may support her conclusion with findings elsewhere in her opinion, and the Court may draw legitimate inferences from the ALJ's specific findings and interpretations throughout her decision to credit the ALJ's conclusion. *Id.*

On the merits, a finding of inconsistency with the record is a specific and legitimate reason to discount an examining physician's opinion. *Andrews*, 53 F.3d at 1043. Here, substantial evidence supports the ALJ's finding of inconsistency between Dr. Rabara's opinion and the rest of the record. And contrary to Plaintiff's allegation, the ALJ explained the inconsistencies throughout her findings of facts and conclusions of law. (R. at 20–26.)

Several examples of evidence in the record are inconsistent with Dr. Rabara's opinion that Plaintiff had marked limitations. Plaintiff acknowledged that he could care for his garden and drive himself. (R. at 220.) Additionally, he was able to count change and handle a savings account. (R. at 221.) With respect to following instructions, Plaintiff stated that he pays close attention to spoken and written instructions while trying to

understand them. (R. at 222.)

Furthermore, Plaintiff's treatment efforts are inconsistent with the limitations Dr. Rabara found. Plaintiff's wife acknowledged that he sometimes refused to take his medication. (R. at 57.) Treatment records confirm this. (R. at 374.) At one point, Plaintiff's mental health treatment with the clinic overseeing his medications was interrupted due to his lack of contact and unwillingness to see a doctor. (R. at 376.) Plaintiff also refused counseling. (R. at 414.) Plaintiff was also encouraged to pursue a Serious Mental Illness evaluation, which he refused. (R. at 432.) Plaintiff's wife testified that this was because Plaintiff did not understand it was a mental evaluation, but the ALJ was unpersuaded by the explanation because Plaintiff's mental health providers recommended the evaluation. (R. at 24.) Therefore, the ALJ did not err in finding that Plaintiff's inconsistent treatment efforts undermined Dr. Rabara's opinion. (R. at 24.)

Although Plaintiff points to instances in the record that support Dr. Rabara's opinion (Pl. Br. 9–12.), there are also many instances that do not support his opinion. Ultimately, it is the ALJ's duty to resolve conflicts in the evidence and where the ALJ's interpretations of the evidence are rational and supported by substantial evidence, this Court must defer to the ALJ. *Carmickle*, 533 F.3d at 1164; *Burch*, 400 F.3d at 679. Consequently, the ALJ did not err in giving little weight to Dr. Rabara's opinion.

**IT IS THEREFORE ORDERED** affirming the July 17, 2017 decision of the Administrative Law Judge (R. at 14–34), as upheld by the Appeals Council on July 24, 2018 (R. at 1–8).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 19th day of November, 2019.

Dominic W. Lanza
United States District Judge